**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

RANDALL NICK,

      Petitioner,

                          CIVIL ACTION NO. 00-CV-10319-BC

v.

                          DISTRICT JUDGE DAVID M. LAWSON

PAUL RENICO, Warden,            MAGISTRATE JUDGE CHARLES BINDER

      Respondent.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITION FOR HABEAS CORPUS

## I.   RECOMMENDATION

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED** because it is barred by the statute of limitations; 28 U.S.C. § 2244(d).

## II.   REPORT

### A.  Background

On August 25, 2000, Petitioner Randall Nick, a state prisoner currently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which raises four challenges to his 1993 conviction by *nolo contendere* plea to one count of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(C)(1)(a). By order of U.S. District Judge David M. Lawson, this case was originally referred to the undersigned Magistrate Judge on April 24, 2001. On

May 9, 2001, a Report and Recommendation ("R&R") issued recommending that the case be dismissed as barred by the statute of limitations. Petitioner filed objections, and on May 1, 2003, Judge Lawson rejected the R&R and referred the matter back for further proceedings, finding that dismissal was not proper because it was not clear from the face of the petition that the claim was out of time.

On May 30, 2003, Respondent filed an Answer in Opposition to Application for Writ of Habeas Corpus (Dkt. 19), and on June 5, 2003, filed Rule 5 materials. (Dkt. 21.) Respondent resubmits that the petition is untimely, and alternatively argues that the claims are barred from habeas review by the doctrine of procedural default. Petitioner filed a reply on July 2, 2003. Petitioner claims that Respondent is again attempting to avoid the issues by focusing on technicalities. (Dkt. 24 at 1.)

## B. Governing Law on the Applicable Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), applies in this case because the petition was filed after the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA contains a one-year statute of limitations for habeas petitions that challenge state convictions. 28 U.S.C. § 2244(d).[1] Petitioners whose

---

[1] 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

convictions became final prior to the effective date of the AEDPA have one year from the effective date in which to file their petition. *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000).

"The one-year period of limitations is tolled, however, for the amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Bronaugh v. Ohio*, 235 F.3d 280, 282-83 (6th Cir. 2000) (quoting 28 U.S.C. § 2244(d)(2)). A state post-conviction motion "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). Additionally, "a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations . . . ," and the claim presented must be the same claim "that is being made in the instant habeas petition." *Austin v. Mitchell*, 200 F.3d 391, 394-95 (6th Cir. 1999).

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**C. The Date on Which Petitioner's State Post-Conviction Motion was "Properly Filed"**

In this case, the state trial court docket clearly shows that Petitioner's Motion for Relief from Judgment was filed on October 21, 1996. (Rule 5 Mat., Case File Summary, Case No. 92-003096-FC.) Using this date for statute of limitations purposes, there is no dispute that Petitioner's habeas petition was filed more than four months after the statute of limitations had expired. (*See* R&R, Dkt. 15, for precise calculations.) The prior R&R recommending dismissal on statute of limitations grounds, however, was rejected because the Court found that "if the petitioner's request for counsel in 1995 met the requirements to constitute a post-conviction motion under Michigan law, or if Michigan actually construed and treated the motion as such, then the motion would have been deemed 'filed' back in 1995, the statute of limitations would not have started running until . . . September 29, 1999, and the present petition would have been filed five days before the expiration of the statute of limitations contained in 28 U.S.C. § 2244(d)." (Order Rejecting R&R, Dkt. 17 at 6.) This conclusion was based on the holdings of *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000), and *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). (*See* Order at 3-4.)

Respondent has re-asserted its contention that the petition is barred from review because it was filed after the statute of limitations expired. Thus, the issues presently before the Court are: (1) whether Petitioner filed a motion for appointment of counsel to represent him with regard to his state court post-conviction motion which itself met the requirements to constitute a post-conviction motion under Michigan law; and (2) whether the Michigan

4

court actually construed and treated such a motion for appointment of counsel as a post-conviction motion.

    **1.   Whether Petitioner Filed a State-Court Motion for Appointment of Counsel Which Itself Met the Requirements of a "Properly Filed" Post-Conviction Motion**

A decision from the First Circuit Court of Appeals filed less than 2 months ago addressed this precise issue.  In *Voravongsa v. Wall*, 349 F.3d 1 (1st Cir. 2003), petitioner Voravongsa "argued that his habeas petition should not be dismissed as untimely because he had diligently pursed his state post-conviction remedy by filing – *before* AEDPA's limitations period expired – a motion to appoint counsel to represent him in his state post-conviction proceedings, as well as other motions."  *Id.* at 3 (emphasis in original).  In analyzing this issue, the Court of Appeals for the First Circuit first noted that,

> [a]s a matter of federal law, the Supreme Court has recently held that a federal habeas case commences with the filing of an application for habeas relief, not with the filing of a motion for appointment of federal habeas counsel, which the Court determined was not a motion on the merits.  *See Woodford v. Garceau*, 538 U.S. 202, 123 S. Ct. 1398, 1401-02, 155 L. Ed. 2d 363 (2003). . . .  As the Court reasoned, the "motion for counsel is not itself a petition, because it does not call for (or even permit) a decision on the merits.  And it is 'the merits' that the amended § 2254(d)(1) is all about."  *Woodford*, 123 S. Ct. at 1401-02 (emphasis added) (quoting *Holman v. Gilmore*, 126 F.3d 876, 880 (7th Cir. 1997)).

*Id.* at 4 (citation omitted).  In *Voravongsa*, however, as in the instant case, the question was whether a motion for counsel filed in *state* court, not federal court, could be construed as a "properly filed application for state post-conviction or other collateral review" under 28 U.S.C. § 2254(d)(2), and thereby toll the running of the habeas limitations period.  Although the answer to this question must be found by analyzing state law, the *Voravongsa* court

nevertheless noted that a court must "keep in mind that 'there is no federal precedent for treating a motion for appointment of counsel as a properly filed application for postconviction relief.'" *Id.* at 4 (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)[2]).

Under Michigan law, a motion for relief from judgment "must specify all of the grounds for relief which are available to the defendant and of which the defendant has, or by the exercise of due diligence, should have knowledge." MICH. CT. RULE 6.502(A). Furthermore, the Michigan Court Rule requires that a motion for relief from judgment include the following:

> (1) The name of the defendant; (2) The name of the court in which the defendant was convicted and the file number of the defendant's case; (3) The place where the defendant is confined, or, if not confined, the defendant's current address; (4) The offenses for which the defendant was convicted and sentenced; (5) The date on which the defendant was sentenced; (6) Whether the defendant was convicted by a jury, by a judge without jury, or on a plea of guilty, guilty but mentally ill, or *nolo contendere*; (7) The sentence imposed (probation, fine, and/or imprisonment), the length of the sentence imposed, and whether the defendant is now serving that sentence; (8) The name of the judge who presided at trial and imposed sentence; (9) The court, title, and file number of any proceeding (including appeals and federal court proceedings) instituted by the defendant to obtain relief from conviction or sentence, specifying whether a proceeding is pending or has been completed; (10) The name of each lawyer who represented the defendant at any time after arrest, and the stage of the case at which each represented the defendant; (11) The relief requested; **(12) The grounds for the relief requested; (13) The facts supporting each ground, stated in summary form; (14) Whether any of the grounds for the relief requested were raised before; if so, at what stage of the case, and, if not, the reasons they were not raised;** (15) Whether the defendant requests the appointment of counsel, and, if so, information necessary for the court to determine whether the defendant is entitled to appointment of counsel at public expense.

---

[2] In *Beery*, the case cited in the Court's order, the Eighth Circuit held that Beery's state-court motion for appointment of post-conviction counsel did not contain the information required by Iowa state law for post-conviction petitions, and therefore it did not toll the federal habeas statute of limitations.

MICH. CT. RULE 6.502(C) (emphasis added). Thus, pursuant to this rule, in order for Petitioner's motion for counsel to be construed as a "properly filed" application for state post-conviction review, and thereby toll the running of the federal habeas limitations period, it must have included all 15 of the items listed above. *See Artuz*, 531 U.S. at 8.

The state trial court docket in Petitioner's case shows that he filed two motions for appointment of counsel: one on August 7, 1997, and one on June 7, 1999. Neither of these are pertinent to the issue before this Court, however, because here the relevant time-frame is the period after the February 1995 filing of the Michigan Court of Appeals' opinion, and before the October 21, 1996, filing of Petitioner's Motion for Relief from Judgment. During that time, the trial court docket reveals no motions for the appointment of counsel. Rather, the docket shows the following entries:

| Dkt. 61 | 03/03/95 | CORRESPONDENCE/LESTER POLLAK |
| Dkt. 62 | 04/12/95 | CORRESPONDENCE |
| Dkt. 63 | | APPEARANCE |
| | | ORDER APPT COUNSEL |
| Dkt. 64 | | RE-ASSIGNED FERTIG TO POLLAK |
| Dkt. 65 | 05/04/95 | STATEMENT OF ATTY FEES |
| Dkt. 66 | 10/21/96 | MOTION FOR RELIEF FROM JUDGMENT |

(Rule 5 Mat., Case File Summary, Case No. 92-003096-FC.)

Based upon these entries, one could argue that it is theoretically possible that the April 12, 1995, filing docketed as "Correspondence" was a mis-labeled or mis-docketed motion for the appointment of counsel. Assuming this to be true, it nevertheless is not possible that the "motion" contained all 15 items necessary under Michigan Court Rule 6.502 to qualify it as a "properly filed" post-conviction motion for federal habeas purposes, because items 12,

13, and 14 of Michigan Court Rule 6.502(C) require a recitation of the grounds for relief as well as a summary of the facts relating to those grounds, and Petitioner himself has acknowledged to this Court that "the issues raised in the post-convictions remedies [sic] were raised for the FIRST time on October 21, 1996 . . . ."[3] (Petr's Reply & Objs. to Resp's Mot. to Dismiss filed March 8, 2001; Dkt. 13 at 2.) Furthermore, Petitioner acknowledged this fact for a second time in his objections to the first R&R, where he stated:

> A person who is ignorant to the law cannot be expected to grapple with the intricacies of such with ease. The lower court recognized this and appointed me counsel. It was this attorney who discovered this new evidence with due diligence and a Motion for Relief from Judgment was filed.

(Petr's Objs. to R&R, Dkt. 16 at 2.)

Accordingly, because it is not disputed that Petitioner's grounds for relief in his instant habeas petition were not presented to the state courts prior to the October 21, 1996, filing of his Motion for Relief from Judgment, and therefore no prior filing could be considered the equivalent of a post-conviction motion under Michigan law, I suggest that tolling did not begin until October 21, 1996, and that pursuant to the calculations in the R&R filed May 9, 2001, Petitioner's federal habeas petition is barred by the statute of limitations. 28 U.S.C. § 2244(d).

---

[3]Petitioner made this statement in the context of his argument that the habeas petition was timely because a motion for post-conviction relief is part of the direct review process, and therefore direct review did not conclude for purposes of 28 U.S.C. § 2244(d)(i)(A) until September 29, 1999. (Dkt. 13.)

## 2. Whether the Michigan Court Actually Construed and Treated the "Motion for Appointment of Counsel" as a Post-Conviction Motion

In the order rejecting the first R&R, the Court cited *Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000), for the proposition that, even if the document filed in state court "fail[ed] to meet the requirements set forth by state law, this Court should not second guess the state courts' decision to construe an otherwise insufficient filing as one for post-conviction relief." (Order, Dkt. 17 at 4.) *Habteselassie*, however, did not concern an "otherwise insufficient filing." In that case, the petitioner's state-court motion for post-conviction relief was denied on the grounds that the issues raised therein were procedurally defaulted because they should have been raised on direct appeal. When the petitioner subsequently filed his federal habeas petition, the district court found that the motion for post-conviction relief was not "properly filed" for purposes of tolling the habeas statute of limitations because it contained procedurally defaulted claims. *Id.* at 1210. The Tenth Circuit reversed, finding that "Habteselassie's motion for post-conviction relief conformed with Colorado's basic procedural rules governing the filing of such a motion," and therefore it was a "properly filed" motion for post-conviction relief under § 2244(d)(2) which tolled the statute of limitations, and rendered Habteselassie's habeas petition timely. *Id.* at 1213.

The respondent in *Habteselassie* alternatively argued that, regardless of whether Habteselassie's state court motion was properly filed, it should not qualify as a "post-conviction motion" under § 2244(d)(2) because it also included a request for new counsel. The Tenth Circuit rejected that argument, stating that "the record reflects, and the [respondent] concedes, that the state court treated Habteselassie's motion as a motion for

post-conviction relief," and therefore the fact that it also contained a request for new counsel did not alter the conclusion that it served to trigger the tolling of the habeas limitations period pursuant to § 2244(d)(2). *Id.* at 1213.

In this case, we do not have the situation where a properly filed state-court motion for post-conviction relief also contains a request for counsel, and therefore the need arises to look at how the state court construed the filing. Here we have a document docketed by the state court as "Correspondence" which Petitioner concedes did not raise the grounds for relief contained in the Motion for Relief from Judgment which was filed eighteen months later. Therefore, I suggest that *Habteselassie* is not applicable to this case, and that the instant petition should be dismissed because it is time-barred under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.


CHARLES E. BINDER
United States Magistrate Judge

DATED: December 16, 2003


Copies to:     Randall Nick, #233714, Mid-Michigan Correctional Facility, 8201 Croswell Road,
                     St. Louis, MI 48880-9210
               Debra M. Gagliardi, Michigan Department of Attorney General, Habeas Corpus Division,
                     P. O. Box 30217, Lansing, MI 48909-7717
               Honorable David M. Lawson, United States District Judge