UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDALL NICK,

        Petitioner,

                                                     Case Number 00-10319-BC
v.                                                    Honorable David M. Lawson

PAUL RENICO, Warden,

        Respondent.
_____/

### OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART AND DISMISSING PETITION FOR HABEAS CORPUS

Petitioner Randall Nick, currently incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1993, the petitioner pleaded *nolo contendere* to one count of criminal sexual conduct in violation of Michigan Compiled Laws § 750.520c(1)(a). A Mecosta County, Michigan circuit court judge sentenced Nick to a prison term of 84 to 180 months. In August 2000, Nick filed his habeas petition in which he raises four claims challenging his conviction. The issue before the Court, however, does not extend to the merits of that petition, but rather addresses its timeliness under the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which governs this case. *See* 28 U.S.C. § 2244(d)(1).

The respondent filed a motion to dismiss on January 29, 2001 asserting that the petition was barred by the statute of limitations. The matter was referred to Magistrate Judge Charles E. Binder, who issued an initial Report and Recommendation recommending that the motion be granted. Upon consideration of the petitioner's objections, however, this Court rejected the magistrate judge's

recommendation on May 1, 2003 because it was not clear from the face of the petition that it was untimely filed. There was a question whether a state court filing constituted a proper post-conviction motion that would have served to toll the statute of limitations. The respondent then filed his response to the petition, together with the Rule 5 materials, and reasserted the untimeliness argument. The petitioner filed a reply. The Rule 5 materials did not include the documents that were referenced in the earlier opinion as possibly constituting a post-conviction motion, but this Court requested and received those documents after the matter came back to the Court for de novo review. The magistrate judge issued a second Report and Recommendation suggesting that the petition be denied as untimely because the petitioner did not file a post-conviction motion in time to toll the limitations period, and the earlier-filed document in state court did not amount to such a motion. The petitioner filed timely objections to the second report and recommendation, and the matter is now before the Court for *de novo* review.

The Court does not agree with the magistrate judge's view that strict adherence to Michigan's court rule describing the contents of post-conviction motions is necessarily required to effectuate a tolling of the one-year statute of limitations; substantial compliance with the rule is all that is required. However, the Court agrees with the magistrate judge's observation that the earlier filing in state court did not constitute a properly-filed post-conviction motion because it did not substantially comply with the state rule. Therefore, the Court will adopt the magistrate judge's recommendation and dismiss the petition because it was filed out of time.

I.

As the magistrate judge correctly observed, the provisions of the AEDPA govern this case because the petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply) *abrogated on other grounds by Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

The petitioner's conviction in this case became final in 1995 after the time expired for any appeals beyond his direct appeal to Michigan's intermediate appellate court and before the April 24, 1996 effective date of the AEDPA. However, prisoners whose direct appeals concluded prior to the

AEDPA's effective date have a one-year grace period to file their habeas petitions. *See Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999). Thus, Nick had until April 24, 1997 to file his habeas petition or take other action to toll the limitations period, such as filing a state post-conviction motion in accordance with 28 U.S.C. § 2244(d)(2).

As the magistrate judge explained in his first Report and Recommendation, Nick filed a motion for relief from judgment in the state court on October 21, 1996, stopping the running of the limitations period after 179 days. Nick pursued his motion for relief from judgment through the state court of appeals and state supreme court, tolling the limitations period until September 29, 1999, when the Michigan Supreme Court denied Nick leave to appeal. The magistrate judge found that the next day, the limitations period began to run until the remainder of the one-year period expired, on April 3, 2000. The magistrate judge concluded that Nick's petition, filed on August 25, 2000, was untimely, and recommended grating the motion to dismiss.

Nick objected that the statute of limitations should not have run for 179 days before he filed his motion for relief from judgment because Nick did not have the knowledge or resources to discover the "newly discovered evidence" at that time. Nick also argued that the limitations period should not have begun to run until September 30, 1999 because his post-conviction motion should be considered part of his direct appeal.

This Court considered Nick's objections, rejected the first report and recommendation on the motion to dismiss, and rejected the second objection as meritless. However, the Court noted that docket entries of March 3, 1995 and April 12, 1995 labeled "correspondence" concerning a request for counsel may constitute post-conviction filings that tolled the statute of limitations. The Court

concluded that it could not determine as a matter of law from the pleadings themselves that there was no set of facts that could render the petitioner's filings timely. If Nick's request for counsel in 1995 met the requirements to constitute a post-conviction motion under state law, the Court reasoned, then the motion could be deemed "filed" at that time, rather than in October of 1996. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). The limitations period thus would have been tolled from 1995 through the exhaustion of the post-conviction motion, rendering the petition timely. The Court also noted that the petitioner may be eligible for equitable tolling.

After the respondent filed his answer to the petition with the Rule 5 materials and the petitioner filed his response, the magistrate judge issued a second report and recommendation. The magistrate judge explained that the only issues under consideration before him were whether the petitioner filed a motion to appoint counsel in the state court that met the requirements for a post-conviction motion in the state court, and whether the state court actually construed or treated such a motion as a properly-filed post-conviction motion. As to the first issue, the magistrate judge noted that the First Circuit had addressed similar facts in *Voravongsa v. Wall*, 349 F.3d 1 (1st Cir. 2003), and concluded that it must apply state law. The magistrate judge listed fifteen elements that the Michigan court rules prescribe for inclusion in a post-conviction motion, and he suggested that Nick would have had to include all of these allegations in his motion for the appointment of counsel. The magistrate judge listed the state court docket entries appearing before the filing of the motion for relief from judgement, noting that the entries labeled "correspondence" could be mislabeled and contain a motion for the appointment of counsel, but he ultimately rejected that line of reasoning because the petitioner himself had argued that the motion for relief from judgment was the first instance in which he had brought the particular claims in the motion. The magistrate judge then

-5-

noted that the state court appeared to construe the filings as "correspondence," so there is no support for the argument that the state court construed either filing as a motion. Consequently, it could not be considered a "properly filed" post-conviction motion.

In his timely objection, the petitioner asserts that the two trial court docket entries labeled "correspondence" mentioned by the magistrate judge "were to gain the court's permission for appointed counsel to file a Motion for Relief from Judgment pursuant to Michigan Court Rules 6.500." He contends that in these filings, "appointed counsel would have had to outline Petitioner's issues to be raised in the Motion for Relief from Judgment," and thus the filings would meet the requirements for a "properly filed" post-conviction motion.

II.

The magistrate judge's calculation of the limitations period outlined in his first report and recommendation contains one error: the magistrate judge failed to include as tolled the ninety-day period after the state supreme court denied Nick's application for leave to appeal the denial of his post-conviction motion. The time during which the petitioner could have filed a petition for certiorari in the United States Supreme Court (ninety days) must be added. *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (en banc). That period ended on December 28, 1999. One hundred eighty-six days then remained of the one-year period. Nick's petition, to be timely, should have been filed on or before July 3, 2000, unless the 1995 filings were effective to toll the statute.

However, after a careful review of the materials referenced in the petitioner's objections, the Court concludes that neither of the entries labeled "correspondence" constitute a "properly filed" motion for state post-conviction relief. A post-conviction petition is properly filed within the meaning of the statute "when its delivery and acceptance are in compliance with the applicable laws

and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). As the magistrate judge observed, Michigan Court Rule 6.502(C) prescribes the contents of a post-conviction motion, which should include:

> 1) The name of the defendant; 2) The name of the court in which the defendant was convicted and the file number of the defendant's case; (3) The place where the defendant is confined, or, if not confined, the defendant's current address; (4) The offenses for which the defendant was convicted and sentenced; (5) The date on which the defendant was sentenced; (6) Whether the defendant was convicted by a jury, by a judge without jury, or on a plea of guilty, guilty but mentally ill, or nolo contendere; (7) The sentence imposed (probation, fine, and/or imprisonment), the length of the sentence imposed, and whether the defendant is now serving that sentence; (8) The name of the judge who presided at trial and imposed sentence; (9) The court, title, and file number of any proceeding (including appeals and federal court proceedings) instituted by the defendant to obtain relief from conviction or sentence, specifying whether a proceeding is pending or has been completed; (10) The name of each lawyer who represented the defendant at any time after arrest, and the stage of the case at which each represented the defendant; (11) The relief requested; (12) The grounds for the relief requested; (13) The facts supporting each ground, stated in summary form; (14) Whether any of the grounds for the relief requested were raised before; if so, at what stage of the case, and, if not, the reasons they were not raised; (15) Whether the defendant requests the appointment of counsel, and, if so, information necessary for the court to determine whether the defendant is entitled to appointment of counsel at public expense.

Mich. Ct. R. 6.502(C)(1)-(15). The magistrate judge suggested that post-conviction motions must contain all fifteen elements set forth above in order to be "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). However, neither state nor federal law supports that assertion.

In *Artuz v. Bennett*, the Supreme Court made clear the distinction between the concepts of the *submission* of motion papers within the meaning of section 2244(d)(2) and their *contents*. The Court noted that "in common usage, the question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Artuz*, 531 U.S. at 9. The Sixth Circuit has rejected the notion that

section 2244(d)(2) contemplates any formalistic requirements as to the contents of the petition. *See Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (rejecting prior authority holding that a state post-conviction motion must contain a federally cognizable claim to toll the statute under section 2244(d)(2)). Moreover, Michigan law requires no more than substantial compliance with formal requirements of the post-conviction motion rule. *See* Mich. Ct. R. 6.502(C) (stating that the "motion must be substantially in the form approved by the State Court Administrator"); Mich. Ct. R. 6.502(D) (stating that "[i]f a motion does not substantially comply with the requirements of these rules, the court may direct that it be returned to the defendant with a statement of the reasons for its return").

This relaxed requirement, however, does not help the petitioner here. The Court believes that substantial compliance with the formal requirements of the post-conviction motion rule demands, at a minimum, that the paper submitted contain a request for relief and a statement of the grounds for the relief requested. Absent these rudimentary elements, the filing cannot be considered a "motion" at all, because it requests no action from the court. When measured against even this liberal standard, neither of the 1995 filings rises to the level of a "motion."

The March 3, 1995 entry labeled "CORRESPONDENCE/LESTER POLLACK" on the trial court docket is a letter from Lester O. Pollack, Nick's appointed counsel, to Ella Williams, Chief Clerk of the Michigan Court of Appeals, asking Williams to re-issue the opinion of the court of appeals. In the letter, Pollack explains that the circuit court failed to appoint counsel for Nick's appeal to the state supreme court because it mistakenly believed that the case was still pending in the court of appeals. Pollack contends that Nick was deprived of his right to appeal to the Supreme Court because the trial court did not receive a copy of the order of the court of appeals and thus did

not appoint counsel until after the time had expired for filing an application for leave to appeal to the supreme court. This letter concerns a procedural complaint, but it does not request relief from the court concerning the petitioner's conviction or sentence or contain any facts upon which such relief might be granted.

The April 12, 1995 entry labeled "CORRESPONDENCE" on the trial court docket is a letter from Connie R. Dinius, a judicial secretary, to Lester O. Pollack regarding the appointment of Pollack to represent Nick for his motion for relief from judgment. The letter describes the Order Appointing Counsel enclosed with the letter and informs Pollack that the judge has approved Pollack's fee petition for services. There is no request for action or relief directed to the court.

The petitioner's objections, therefore, must be overruled. Neither of these documents amount to a motion for relief from judgment or a motion to appoint counsel in anticipation of a motion for relief from judgment. Neither document substantially complies with the formal requirements of Michigan Court Rule 6.502(C).

Although the United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling, *see Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002), the petitioner at no time has argued that he was entitled to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling is appropriate in a habeas case follows the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). A court is to consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. There is no evidence in the record to indicate that the petitioner lacked actual or constructive notice of the filing requirement. Even if the petitioner was unable to file an application for leave to appeal his direct appeal to the state supreme court, this does not explain the eighteen-month delay between the appointment of his attorney and the filing of his motion for relief from judgment. Accordingly, equitable tolling is not appropriate in this case.

III.

Although the Court disagrees with some of the magistrate judge's reasoning, the Court concludes that he correctly determined that the petition was filed out of time in violation of 28 U.S.C. § 2244(d)(1).

Accordingly, it is **ORDERED** that the magistrate judge's report is **ADOPTED IN PART** and his recommendation is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** as untimely.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 20, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS